Filed 10/14/24  In re C.G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.G. et al., Persons Coming Under the Juvenile Court Law. | |
| MADERA COUNTY DEPARTMENT OF SOCIAL SERVICES/CHILD WELFARE SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>V.R.,<br><br>    Defendant and Appellant. | F087484<br><br>(Super. Ct. Nos. MJP018842, MJP018843)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Thomas L. Bender, Judge.

Jesse Frederic Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and De Santos, J.

Appellant V.R. (mother) is the mother of C.G. and M.R. (collectively the children), who are the subjects of this dependency case. Mother appealed from the juvenile court's orders issued at a Welfare and Institutions Code section 366.26[1] hearin g December 4, 2023, which resulted in her parental rights being terminated. After reviewing the juvenile court record, mother's court-appointed counsel informed this court he could find no arguable issues to raise on mother's behalf.

This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Mother filed a letter brief alleging several discrepancies in the record: that she placed her older child, Michael, with a friend in 2018 because she was homeless, not due to a substance abuse issue; that she told the department about father's drug issues before they placed the children with him; and that she had a prescription for opiates, which resulted in the March 17, 2022, positive drug test. She also argues the juvenile court erred in terminating her parental rights because she has a "very strong relationship" with her children and did everything the department asked of her, but was unable to continue to reunify with the children because visits were suspended and, subsequently, a restraining order put into place. She alleges that, since the caregivers had "money," they "paid" the department for the children and mother was overlooked. She also contends she was ordered to receive reunification services but never received them.

Following a review of the record, we dismiss the appeal.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

# FACTUAL AND PROCEDURAL BACKGROUND

*Section 300 Petition*

On February 15, 2022, the Madera County Department of Social Services (department) filed a section 300 petition alleging, under subdivision (b), that three-year-old C.G. and newborn M.R. were at substantial risk of harm due to mother's substance abuse during her pregnancy with M.R. J.G. (father)[2] is listed as the father of both children.

*First Amended Petition*

The following day, February16, 2022, the department filed an amended petition alleging, pursuant to section 300, subdivision (j), that the children's half sibling, Michael R., was a dependent of the juvenile court in 2016, due to mother being under the influence of a controlled substance in his presence. In that case, mother was granted family reunification services, which were eventually terminated and Michael placed into a permanent plan of legal guardianship.

*Detention Hearing*

At the February 17, 2022, detention hearing, the juvenile court found the children came within the provisions of section 300, that there was a substantial danger to their physical health, and ordered them detained. They were placed with father. The jurisdiction and disposition hearing was set for March 10, 2022.

*Second Amended Petition*

On February 24, 2022, the department filed a second amended section 300 petition, alleging that the children were at risk of harm because father, with whom the children were staying, abused cocaine, marijuana, and methamphetamine.

---

[2]    Father is not a party to this appeal.

*Continued Detention Hearing*

On March 8, 2022, at the continued detention hearing, the juvenile court found the children fell under the provisions of section 300, subdivisions (b) and (j) and detained them from father's custody. Jurisdiction was set for March 29, 2022.

*Jurisdiction Hearing*

The department's reports prepared in anticipation of jurisdiction stated that mother had tested for drugs on various occasions in February through May of 2022. Mother tested negative at various times, but tested positive for methamphetamine on February 17, 2022; positive for opiate, hydrocodone, and hydromorphone on March 17, 2022; and positive for alcohol on March 30, April 6, and April 13, 2022. Mother tested negative for all illegal substances including alcohol on May 2, 2022.

C.G. submitted to a hair follicle test on March 9, 2022, and tested positive for methamphetamine and cocaine.

At the jurisdiction hearing held May 12, 2022, mother testified that she first used methamphetamine when she was 16 or 17 years old, and continued to do so on and off until February of 2022. Mother testified that C.G. was not in mother's care when C.G. tested positive for drugs on March 9, 2022, but would have been with either paternal grandfather or father when the test was performed. At the continued hearing May 31, 2022, mother testified that her positive drug test for opiates on March 17, 2022, was due to a prescription she was given for a broken elbow.

The juvenile court sustained the section 300 petition and found the children to be persons described by section 300, subdivisions (b) and (j). The disposition hearing was set for July 5, 2022.

*Disposition Hearing*

The report prepared in anticipation of disposition stated that mother was requesting family maintenance services as she had taken all of the classes suggested and took full responsibility for her actions. Classes completed by mother included a

4.

parenting program, a mental health assessment, substance abuse treatment and sessions, and random drug testing.

Mother tested positive for opiates on May 26, 2022, and positive for methamphetamine on June 7, 2022.

Mother was reported to have a strong bond with C.G., and she was developing a relationship with M.R. through constant visitation. The department recommended mother receive reunification services.

At the August 1, 2022, hearing, the juvenile court adjudged the children dependents, ordered them into out-of-home placement, and ordered the department provide mother with reunification services. A six-month review was set for February 1, 2023.

*Six-Month Review*

The report prepared in anticipation of the six-month review hearing stated that the children were in a certified foster home. During the review period, mother had enrolled in multiple services and completed all of her court-ordered services. Mother provided multiple drug tests. The urine tests were negative throughout the period, but she submitted three follicle tests — in June, September and December of 2022 — all of which were positive for methamphetamine, but in decreasing numbers.

Also, during the review period, mother had progressed to unsupervised visits. But supervised visits were again instituted when C.G. came back from a visit reporting that she had seen father during the visit. Mother was attentive during the visits, playing games with the children and bringing them food, although the food was not always appropriate.

At the March 20, 2023, six-month review hearing, the juvenile court found a substantial risk of harm to the children if they were returned to mother's care. Reunification services were continued and a 12-month review hearing set for April 20, 2023.

5.

*12-Month Review*

The report prepared for the 12-month review reported that the children continued to be placed together in a certified foster home. During this period, mother provided all negative urine tests, but submitted a positive hair follicle test for methamphetamine on March 10, 2023. Mother denied drug use and insisted that the positive test results were from psychiatric medication she was taking, a claim refuted by the public health nurse. Visitation between mother and the children was going well.

At the May 22, 2023, contested 12-month review hearing, mother testified that she missed one drug test in April 2023, in order to be eligible for an inpatient program (she claimed she needed to have a positive test to get into the program), which she entered on May 3, 2023. Mother could not explain the positive hair follicle test, insisting that the last time she took methamphetamine was in February of 2022.

The social worker, who had been on the case for a year, testified that she believed mother was minimizing her substance abuse issue by not admitting usage. The social worker opined that, since mother entered the inpatient program (only three weeks earlier), she had been holding herself accountable, and the social worker did not think the children would be in danger if they were with mother in the inpatient program.

On June 27, 2023, the juvenile court found, by a preponderance of the evidence, that return of the children to mother's care would be detrimental, and continued them in out-of-home placement. The juvenile court found there was not a substantial probability that the children could be returned to mother's care by the 18-month hearing date. The juvenile court ordered reunification services terminated and a section 366.26 hearing set for October 24, 2023.

*Ex Parte Application*

On August 11, 2023, the department filed an ex parte application requesting an order suspending visits between mother and the children. The department reported that mother was sharing confidential juvenile case related information with maternal

6.

grandfather, who was then creating social media posts online threatening the care providers. Mother responded by apologizing to the care providers and claimed she had nothing to do with the threats.

At the hearing, mother's counsel argued that it was maternal grandfather who had made the posts, and that mother should not be punished for it by losing her visits. However, the care providers represented to the juvenile court that the posts in question were on maternal grandfather's Facebook page and mother was sharing them through a link.

On August 18, 2023, the juvenile court found good cause existed and ordered visitation between mother and the children suspended.

Section 366.26 Hearing Report

The report prepared for the section 366.26 hearing stated that the children continued to be placed together in a resource family home. Both children were reported to be developmentally on target for their age and were doing well. The care providers wished to adopt the children.

The department recommended that mother's parental rights be terminated, and a permanent plan goal of adoption be set for the children.

Section 388 Petition

On October 24, 2023, mother filed a section 388 petition requesting family maintenance services, as she contended she had completed her services and it was in the best interests of the children. A hearing on the request was scheduled for December 4, 2023.

Addendum Report

On October 24, 2023, a sheriff's deputy was dispatched to a location where it was reported that mother had confronted the care providers and was yelling and threatening to take the children from them. Mother accused the care providers of kidnapping the children, claiming the care providers were pedophiles. Mother told the care providers

7.

that she would beat them up if they did not give her the children. A CASA worker tried to intervene, and mother told her that, if she did not mind her own business, she was going to beat her up too.

*Request for Juvenile Restraining Order*

On November 15, 2023, the department filed two requests for a juvenile restraining order — one against maternal grandfather, and one against mother — for the protection of the children's care providers and the children themselves. Both requests alleged threats of physical violence.

At the November 17, 2023, hearing on the requests, mother's counsel argued that the children should not be named as protected parties in the restraining order because they were not at risk of harm. The juvenile court disagreed and granted the department's requests for temporary restraining orders against maternal grandfather and mother for the protection of the care providers and the children themselves.

Another hearing on the issue was scheduled for December 4, 2023.

*Mother's Opposition to the Temporary Restraining Order*

Mother filed an opposition to the request for the restraining order, arguing that the department had not met its burden to enjoin mother, as all elements of harassment, stalking, and threats of violence had not been proven. She further argued that the restraining order must not interfere with her right to contact her children.

*Hearings on Section 388 Petition, Restraining Order, and Section 366.26*

On December 4, 2023, the juvenile court held hearings to address mother's section 388 petition, the restraining order against her, and the permanent plan for the children.

Following argument by mother's counsel that she continued to test negative for drugs and had completed her services, the juvenile court first denied mother's section 388 petition.

As for the section 366.26 hearing, mother's counsel argued that the parent-child relationship exception to termination of parental rights applied, citing mother's visits with

the children and that both children loved her. The juvenile court disagreed, stating that M.R. had been removed at birth, C.G., at age four, had been in placement for almost half of her life, and mother had not "acted as a parent." The juvenile court found both children adoptable and terminated mother's parental rights.

Following additional argument, the juvenile court ordered a three-year restraining order against mother for the protection of the care providers and the children.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Mother's letter brief has been considered by this court. Mother's claims of errors in the record, as well as her claim that she "never" received services, are forfeited, as she had a chance to contest those alleged errors in the juvenile court and did not do so. (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 686 [a party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court].)

In her letter, mother also contests termination of her parental rights and seeks to assure the court she has a "strong relationship" with her children and would do "anything" for them, but that her efforts to reunify with her children was thwarted due to circumstances beyond her control, citing the suspension of her visits with the children and subsequent restraining order. While we do not doubt mother's love for her children, her letter brief furnishes no valid argument with supporting legal authorities for the purported claims of error. (See *In re Sade C., supra,* 13 Cal.4th at p. 994 [parents must " 'present argument and authority on each point made' "].) Nor does mother show that these claims of error, assuming they are true, constitute a basis for reversing the

9.

underlying orders.  Our review of the challenged orders confirms counsel's determination that no arguable issues exist.

In sum, mother has not raised any arguable issues stemming from the section 366.26 hearing.  Further, we have reviewed the record as it relates to the hearing under section 366.26, and we have found no arguable issues for briefing.  (*Phoenix H., supra,* 47 Cal.4th at pp. 841-842.)  Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.